```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA

                     Alexandria Division

                              )
IFTIKHAR H. SAIYED,           )
                              )
     Plaintiff,               )
                              )
                              )
        v.                    )    1:08cv1147 (JCC)
                              )
                              )
ENTERPRISE RENT-A-CAR,        )
                              )
     Defendant.               )
                              )
```

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Defendant Enterprise Rent-A-Car's (Defendant's) Motion to Dismiss or, Alternatively, for Summary Judgment.  For the following reasons, the Court will deny Defendant's Motion to Dismiss and grant its Motion for Summary Judgment.

### I. Background

The facts alleged in Plaintiff Iftikhar H Saiyed's (Plaintiff's) Complaint are as follows.  Plaintiff was employed by Defendant.  During his employment, Plaintiff's supervisor Kevin Ternee (Ternee) constantly harassed him and yelled at him.  Ternee did not harass other employees.

Plaintiff filed a complaint against Defendant with the Human Rights Council in Arlington, Virginia.  Documents submitted by Defendant show that this allegation likely refers to a Charge

1

of Discrimination (Charge) that he filed with the Arlington Human Rights Commission (HRC) and the United States Equal Employment Opportunity Commission (EEOC) in 2005, alleging race discrimination by Defendant.  Def.'s Mot. at Ex. 2.

During the HRC's investigation, Plaintiff was not subjected to discrimination.  After the investigation was complete, and the HRC cleared Defendant of liability, Defendant fired Plaintiff.  Documents submitted by Defendant show that Defendant terminated Plaintiff's employment on February 24, 2007. *Id.* at Ex. 3.

Defendant's stated reason for firing Plaintiff was that Plaintiff slept on the job.  Plaintiff did not sleep on the job, but another employee, Brownson, did.  Several people witnessed Brownson sleeping, but Defendant did not fire Brownson.  Defendant actually fired Plaintiff because of his race and in retaliation for the discrimination complaint that Plaintiff filed with the HRC.  Documents submitted by Defendant show that Plaintiff filed a second Charge with the HRC and EEOC on May 6, 2008, alleging retaliatory discharge.  *Id.* at Ex. 2.

On October 31, 2008, Plaintiff filed a complaint in this Court alleging racial discrimination and retaliation under the Civil Rights Act of 1964.  On December 10, 2008, Defendant filed a Motion to Dismiss or, Alternatively, for Summary Judgment.  A proper *Roseboro* notice accompanied this motion [12].

*See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Plaintiff has not opposed the motion. This matter is currently before the Court.

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Moreover, "the complaint is to be liberally construed in favor of plaintiff." *Id.* In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Nevertheless, while Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1964-65 (2007) (citation omitted).

Summary judgment is appropriate only if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 247-48 (1986); *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 958-59 (4th Cir. 1996). The party seeking summary judgment has the initial burden to show the absence of a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To defeat a properly supported motion for summary judgment, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* (quotation omitted). The facts shall be viewed, and all reasonable inferences drawn, in the light most favorable to the non-moving party. *Id.* at 255; *see also Lettieri v. Equant Inc.*, 478 F.3d 640, 642 (4th Cir. 2007).

In addition, complaints filed by *pro se* plaintiffs are construed more liberally than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Khozam v. LSAA, Inc.*, 2007 WL 2932817 at *3 (W.D. N.C. Oct. 5, 2007). While a court is not expected to develop tangential claims from scant assertions in a complaint, if a *pro se* complaint contains potentially cognizable claims, a plaintiff should be allowed to particularize these claims. *Treadwell v. Murphy*, 878 F. Supp. 49, 51-52 (E.D. Va. 1995) (citing *Beaudett v. City of Hampton*,

775 F.2d 1274 (4th Cir. 1985); *Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir. 1965)).

### III. Analysis

Defendant argues that Plaintiff's claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Act), is time-barred because Plaintiff failed to file a Charge of Discrimination (Charge) with the EEOC within 300 days of the allegedly discriminatory or retaliatory act.  The Complaint does not specify the date on which Plaintiff was fired or the date on which Plaintiff filed a Charge with the HRC and the EEOC.  Defendant, however, submits that it fired Plaintiff on February 24, 2007 and that Plaintiff filed a Charge for retaliation on May 6, 2008, 437 days later.  Defendant contends that Plaintiff's Charge was untimely filed and the Court must dismiss his Complaint.

The Act requires that a petitioner with an employment discrimination claim file a Charge "within [180] days after the alleged unlawful employment practice occurred" or 300 days after the unlawful practice when "the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice."  42 U.S.C. § 2000e-5(e)(1).

Fourth Circuit precedent is clear that "fil[ing] a charge with the [] EEOC within 300 days of the alleged violation"

5

is a mandatory statutory prerequisite to any Title VII claim. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Edelman v. Lynchburg Coll.*, 300 F.3d 400, 404 (4th Cir. 2002)). "[A] violation not made the subject of a timely charge is 'the legal equivalent of a discriminatory act which occurred before the statute was passed' and is 'merely an unfortunate event in history which has no present legal consequences.'" *Id.* (quoting *United Air Lines v. Evans*, 431 U.S. 553, 558 (1977)).

  The Complaint does not provide any additional information or supporting documentation pertaining to either the Charges that Plaintiff filed or Plaintiff's dismissal by Defendant.  Defendant, however, has submitted a stamped copy of a Charge that Plaintiff submitted to the HRC and the EEOC on May 6, 2008, claiming retaliatory discharge under Title VII.  Def.'s Mot. to Dismiss at Ex. 2.  Defendant also submitted the Notice of Charge of Discrimination issued by the EEOC to Defendant, dated May 23, 2008, and the Dismissal and Notice of Rights issued by the EEOC on August 5, 2008, finding that Plaintiff's "charge was not timely filed with EEOC."  *Id.* at Ex. 2.  Finally, Defendant submitted a memorandum from Defendant to Plaintiff, terminating Plaintiff's employment "effective today."  *Id.* at Ex. 3.  This letter was signed by Plaintiff and is dated February 24, 2007.  *Id.*

It is "well-established that a district court ruling on a 12(b)(6) motion to dismiss may consider documents 'sufficiently referred to in the complaint' whose authenticity is not disputed, even if such documents are not attached to the complaint." *Koken v. Aon Risk Serv., Inc.*, 2006 WL 90068, *3 (E.D. Va. 2006) (citations omitted).  Plaintiff has not disputed the authenticity of the documents submitted by Defendant with its motion.

Nevertheless, the Court declines to rely on these documents in the context of a motion to dismiss because the Complaint does not directly refer to them.  In the Complaint, Plaintiff only refers to the first Charge that he filed, alleging race discrimination, but Defendant did not submit that document to the Court.  Instead, Defendant offers Plaintiff's second Charge, in which Plaintiff alleges that he was discharged in retaliation for his first Charge.  The Complaint does not refer to this document.  Viewing the allegations in the Complaint in the light most favorable to Plaintiff, *pro se*, and not considering the documents that Defendant attached to its motion, the Court will deny Defendant's Motion to Dismiss.

The Court will also evaluate the merits of Defendant's alternative Motion for Summary Judgement.  The Court notes that Defendant has complied with the requirements of Federal Rule of Civil Procedure 56.  Further, the following facts are clear from the exhibits submitted by Defendant and are undisputed by

7

Plaintiff: (1) Defendant terminated Plaintiff's employment on February 24, 2007, (2) Plaintiff acknowledged this termination on February 24, 2007, (3) Plaintiff filed a Charge with the HRC and EEOC alleging that his termination was the result of retaliation on May 6, 2008, and (4) the EEOC dismissed the Charge because it was untimely filed.

Based on these undisputed facts, and drawing all inferences in Plaintiff's favor, it is clear that Plaintiff filed his Charge more than 300 days from the date of the conduct of which he complains.  Because of this delay, Plaintiff's Title VII claim fails to comply with the mandatory requirements of 42 U.S.C. § 2000e-5(e)(1).  The Court will dismiss this claim.

### IV.  Conclusion

For these reasons, the Court will deny Defendant's Motion to Dismiss and grant its Motion for Summary Judgment.

An appropriate Order will issue.


January 13, 2009              _____/s/_____
Alexandria, Virginia                James C. Cacheris
                           UNITED STATES DISTRICT COURT JUDGE